FILED
12/10/2020 10:15 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-20-05326-D

| | | |
|---|---|---|
| **JUAN MONTEMAYOR** | § | IN THE COUNTY COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| **FIESTA MART, L.L.C.** | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** JUAN MONTEMAYOR, hereinafter called Plaintiff, complaining of and about FIESTA MART, L.L.C., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2. Pursuant to Texas Rule of Civil Procedure 190.1 and 47(c)(3), Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### PARTIES AND SERVICE

2.    Plaintiff Juan Montemayor is an individual who is a resident of Texas.

3.    Defendant Fiesta Mart, L.L.C., a Domestic Limited Liability Company, may be served with process through its registered agent: CT Corporation System, whose registered agent's address is listed as: 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by Certified Mail Return Receipt Requested though the clerk of the court.

### JURISDICTION AND VENUE

4.    The subject matter in controversy is within the jurisdictional limits of this court.

5.    This court has jurisdiction over Defendant Fiesta Mart, L.L.C., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established

minimum contacts sufficient to confer jurisdiction over said Defendant. The assumption of jurisdiction over Defendant Point Fiesta Mart, L.L.C., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. On or about November 5, 2019, Plaintiff was shopping in a Fiesta Mart, L.L.C. grocery Store, located at 3434 W. Illinois Ave. Dallas, TX 75211, exercising ordinary care for his safety and the safety of others, when Plaintiff attempted to turn his shopping cart, the wheels on the cart locked up and the shopping cart flipped taking him with it as well. Plaintiff was transported to Parkland Hospital where he remained hospitalized for 4 days. He sustained bruises, head trauma, and also, injured his neck and back.

8. Plaintiff fell because Defendant failed to provide the public with working shopping carts and as a result of this fall, Plaintiff sustained serious personal injuries.

## RES IPSA LOQUITUR

9. Because Defendant was in exclusive control over the premises at the time of this injury, Plaintiff relies on the doctrine of *res ipsa loquitur* in that Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the maintenance and safety of the shopping cart was within the exclusive control of the Defendants at the time the negligence occurred.

## PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST FIESTA MART, L.L.C.

10. Defendant Fiesta Mart, L.L.C., was in control of the property in question. Defendant knew or should have known that Plaintiff, or someone similarly situated to the Plaintiff, would be a business

invitee on the premises, and as such had a duty to the Plaintiff.

11. Defendant Fiesta Mart, L.L.C., breached its duty by allowing an unsafe condition to exist that, through the exercise of ordinary care, was known or should have been known; and/or

12. Defendant Fiesta Mart, L.L.C., breached its duty by failing to train employees in the shopping cart safety.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT FIESTA MART, L.L.C.

13. Defendant Fiesta Mart, L.L.C., had a duty to exercise the degree of care that a reasonably careful business would use to avoid harm to others under circumstances similar to those described herein.

14. Plaintiff's injuries were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty.

15. The negligent, careless, and reckless disregard of duty of Defendant Fiesta Mart, L.L.C., consisted of, but is not limited to, the following acts and omissions:

> A. Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a business exercising ordinary prudence under the same or similar circumstances;
>
> B. Defendant failed to instruct its employees to ensure that the shopping carts are not defective; and
>
> C. Defendant should have known about a dangerous condition on the property.

## DAMAGES FOR PLAINTIFF JUAN MONTEMAYOR

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendant caused Plaintiff to suffer bodily injury, and to incur the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and     such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;
>
> B. Reasonable and necessary medical care and expenses which will in all reasonable

probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Lost wages.

H. Mental anguish in the past; and

I. Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Juan Montemayor respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Stanley and Associates, PLLC
2600 K Avenue, Suite 180
Plano, TX 75074
Tel. (214) 570-4944
Fax (214) 540-4561

By: _/s/ Dustin Brown_
Dustin Brown
Texas Bar No. 24076985
Dustin@seriousinjury.legal
**Attorney for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dustin Brown on behalf of Dustin Brown
Bar No. 24076985
dustin@stanley-lawfirm.com
Envelope ID: 48819607
Status as of 12/10/2020 10:47 AM CST

Associated Case Party: JUAN MONTEMAYOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Dustin Brown | | dustin@seriousinjury.legal | 12/10/2020 10:15:06 AM | SENT |
| Bertha A.Ruiz | | bertha@seriousinjury.legal | 12/10/2020 10:15:06 AM | SENT |